No. 191406 Craig Lambert v. James J. Fiorentini et al. May it please the Court, my name is David Gabor. I'm with my colleague Katherine Brostowitz. We represent Craig Lambert v. Appellant. May I respectfully have two minutes rebuttal, Your Honor? Yes. Thank you. This is a case involving a denial of the issuance of a LEOSA card to a retired police officer. The procedure is spelled out under federal, state, and local law, and basically the question comes down to what the definition of good standing is, and Haverhill has a definition of good standing that says... Counsel, I do know you are making that argument as part of your certiorari state law claim, and the state courts have been pretty clear that certiorari is the appropriate way to raise that issue. And you started off in state procedural and substantive due process claim. The only way the federal court has any jurisdiction over this matter is if, in fact, there is a, on the pleadings, a procedural due process claim stated and a substantive due process claim stated. If there is no basis for federal jurisdiction, you probably belong back in state court on your certiorari argument. So what I'd like to ask you about is the doctrine that there is no procedural due process claim stated if there is an adequate state procedure for you to follow to assert your claim. And it seems to me the certiorari claim is an adequate procedure, and indeed you seem to think so, too, because that was your lead argument. We would ask the court to rule on the arbitrary and capricious standard. Why would we do that if there is no federal jurisdiction? We do have a valid argument, we believe, on the due process claim because... What's inadequate about the state procedure? Mr. Lambert on August 22nd is disciplined on August 24th. No, no, no, no. He requested a hearing. I know all of that. What's inadequate about the certiorari procedure which the SJC has blessed? You can get all the relief you want from the SJC, can't you? Your Honor, I'm not suggesting that the SJC's procedure, and I point to Frawley as precedent, is adequate. What I'm arguing is that under the due process... I'm sorry, you're not... You meant inadequate. You meant inadequate. No, I think the SJC in Frawley's decision does describe that process and the standards and arbitrary capricious. And are you saying you're not saying it's inadequate? No, I am saying that the arbitrary and capricious standard which can be ruled on in state court would be adequate, but I'm saying there is also a legitimate due process claim because... No, there isn't if the state... there's no legitimate procedural due process claim if the state procedure is adequate. Can I just clarify one thing? The district court ruled on not just the procedural due process, it ruled on the arbitrary and capricious issue too? Yes, it did. So I think that one possibility, if I'm understanding the questions from Judge Lynch, would be if we concluded that your procedural due process and substantive due process claims fails, all you have left is state law claims. Is that right? I think that would be correct, Your Honor. So one doctrine that we've had sometimes is we'll say there's no... if there's no merit to the federal claims and we only have the state law claims as a matter of supplemental jurisdiction, we can dismiss without prejudice the state law claims. That would have the effect of vacating the district court judgment, which would leave you in a position to take your case on the certiorari claims straight up to state court, not subject to removal because it's so federal that we attach to it. So you'd be perfectly free from any adverse judgment to you to now take your case in state court, save for a possible statute of limitations issue, which I'm not sure whether there is one or isn't. I suspect there is not one. And as I read your state law claims, the state courts have a whole lot more experience with those claims than the federal district court, especially in this certiorari. Another way to think about it, there's three options of what we could do. We could affirm the district court all the way across the board. We could affirm their certiorari decision. That would obviously not be helpful to you. We could reverse the district court. That would be helpful to you. Or we could dismiss without prejudice the district court's ruling on the certiorari decision. The option of dismissing without prejudice arises if we conclude there's no merit to your federal due process claims and that as a matter of supplemental jurisdiction and our discretion, we should simply dismiss the state law claims. And I think that would also cause prejudice to both sides, both to my sister and her client and our client, given the fact that we've all spent substantial time briefing representing the chief court. Yes, perhaps the case should not have been removed. But you do have a decision against you now, and sending it back to state court gives you a clean slate with no possibility of anything we say having any influence on what the state court would do. I do believe, and I appreciate your arguments, but I do believe that the facts are clear and the court has ample experience with the standard of arbitrary and capricious in a case such as this where it's clear that there is no legitimate basis for the decision by the chief to deny the leosa card, which is a federal statute, by the way. On that point, to some extent it's an exercise of our discretion as to how to handle the state law claim, but if I understand the district court's reasoning, it all turns on whether this five-day suspension could still be served. Is that right? I don't agree with that. It doesn't turn at least in part on that. No, it doesn't, and I can explain what I mean. You see, those are issues of state law. Since you did brief them and are now here, I would like you to address them. Thank you. The leosa card is a federal statute that then turns to the state for interpretation, which turns to the municipality for that one definition. In this case, on August 22, 2012, Mr. Lambert was disciplined, and it spelled out the suspension for the dates August 22nd, 23rd, 26th, 27th, and 28th. Those are the dates of the suspension. In the appendix at page 23, it talks about the fact that you may continue, please. Yes, but I have just one question. You said something that made me think maybe we're thinking about the jurisdictional issue wrong. Is this a federal? The leosa claim is a federal claim. It's a federal statute. It's a federal statute. No, I know that. It wasn't pleaded that way. It's an 18 U.S.C. 926C that governs the leosa card. But you're claiming relief under state law, not under the federal statute, right? Well, we're claiming relief under the statute as well, because the statute defines the rights of a retired police officer, so there really is jurisdiction for that reason. But if I can just go back to the issue of suspension so we're clear, and it's in the A23, it talks about the fact that he's suspended for five days. It spells out towards the top of that page what he's not allowed to do. He's not allowed to carry a badge, do the different things that a police officer does. It does not say he's suspended without pay. The next page, A24, talks about the fact that, you know, if he does them in the future, and this is progressive discipline, then in the future he may be suspended without pay or terminated. But what's clear on the record is the investigation was over on or before August 22, 2012. But, of course, your opponent takes the opposite position, and there are some ambiguities in state law as to on these facts when something is effective and how long it lasts. But we have read the briefs. We do know what the facts are. Thank you. No, I appreciate that, Your Honor. May I just make one other point? Make it quick, please. Sure. Thank you. In 2017, in the denial of decision from October, the facts spelled out by the chief, both are at odds with Haverhill's own definition of good standing and with what happened in 2012 leading up to the date of the suspension. Thank you. Thank you. Good morning. May it please the court, Janelle Austin, on behalf of the mayor of the city of Haverhill and chief of police for the city of Haverhill, appellees in this matter. Just to touch on the court's initial inquiry with respect to the constitutional claims, certainly this is fully vetted in our brief, but it's our position that there's no substantive or procedural due process claim at all in the lower court. Excuse me, the district court did rule correctly with respect to those claims. Specifically, as this court correctly points out, as well as the district court, there is a certiorari provision, a certiorari review available to the plaintiff in this case pursuant to Mass General Laws 249, Section 4. That was recently confirmed by the Supreme Judicial Court in Frawley v. Commissioner in Cambridge. It's directly on point, as we point out in our brief. With respect to the court's inquiry, we would request that the court affirm the district court in its entirety. Certainly, it's our position that the court properly exercise its supplemental jurisdiction. I'm just curious, why was this case brought to federal court? It was removed in light of the federal Section 1980. I know the basis for the removal. I'm asking why the city preferred to be in federal court over state court on this certiorari action. Specifically, in light of Count 2, Your Honor, which raises federal constitutional claims, we would argue, obviously, there is a post deprivation remedy that the plaintiff has availed himself to in this case. Certainly, we would insist. Is there any authority that explains whether the good standing inquiry that is then adjudicated pursuant to state law standards, that it's in service of the requirements of the federal statute, whether we should think of that as a state law claim or a federal one for jurisdictional purposes? Do you know? I would say pursuant to Frawley, Your Honor, it would be under 249, Section 4. There is a LEOSA regulation, which is 18 U.S.C. 926. In the deityte claims and the like, sometimes there is a state law component to it, but I just don't know what that means. Is the whole thing not also subject to federal jurisdiction? I would assert, Your Honor, that what's being challenged in Count 1 of this complaint is specifically in relation to the Chief's determination of whether the plaintiff retired in quote-unquote good standing. The definition of good standing, while there is the federal regulation in 926C, as well as the state regulation as well, under 13, I'm sorry, 501. Count 1 says it's a complaint in the nature of certiorari. That's correct, Your Honor. It does not assert itself a federal law claim. That's correct. The federal claims are invoked specifically in a very generic fashion in Count 2. We would assert that the district court correctly determined that there's no They have no discretion not to have that good standing, right? And since they have a good standing obligation as a matter of federal law, right? The federal regulations outline the parameters in which a qualified retired law enforcement officer can carry a firearm across state lines. In this case, it's undisputed. It's in the complaint that the plaintiff has a valid license to carry under 140 Section 131. So that's not an issue in this case. The only issue is whether in interpreting federal law allows retired law enforcement officers to have that license, that retired law enforcement card to carry across state lines. State regulations then sets forth eligibility requirements for that. And then local police departments can and then in turn adopt regulations as the term good standing is not specifically defined under the federal law or under the state regulations. So as a result of that, the police chief exercising his discretion, which the SJC said is proper and frolly, determined that the plaintiff in this case, in light of the discipline that was imposed in 2012 but remarkably never served, retired in good standing. And the chief in exercising his discretion determined that it was not and therefore denied the plaintiff the LEOSA card in this instance. But federal law leads to state law, the creation of law, regulations, whatever, giving content to the good standing requirement. That's correct. And that was left to the Executive Office of Public Safety in those state regulations. And then the Haverhill Police Department then in turn adopted further regulations to provide clarification on those state regs. And that was the very nature. In fact, frolly, the regulations that Haverhill has are almost identical to what the SJC interpreted in frolly. We have raised all of these arguments in our brief. I'm certainly happy to address any other specific questions. Just on the five-day point, just how, to me, the trickiest issue is whether that five days could still be served or not. It absolutely could. I mean, as the district court correctly pointed out, the five-day suspension was never served. We've submitted as a record of proceeding, so to speak, on the certiorari claim on count one, a copy of the Superior Court docket. He was paid as if it had been. There are pay stubs in the record indicating he was, but if you look at the 2013 decision on the Superior Court case involving the five days, Your Honor, it was a declaratory judgment case. It specifically overturns that saying that the plaintiff in this case, Mr. Lambert, in fact ordering the city to give him that money back saying that it wasn't served, it was never served. So he went out on injured on duty leave under Chapter 111F on August 21, 2012. He then was notified of the five days on August 22, 2012. He never returned to work. It's not in dispute that he never served the suspension and, in fact, then retired prior to ever returning to work or serving that suspension. So I would just direct the Court's attention, as we did in our brief, to a copy of that Superior Court decision in, in fact, ordering the city to return those five days paid to Mr. Lambert, thereby, in effect, he never served that suspension, and the issue essentially went unresolved until the date he retired. Therefore, we would submit that the Chief's decision was proper with respect to the leo saccade. Do you understand them to have argued that it was served? There are passing references, as the Court is aware, in the brief and also the reply. I think the record of proceeding, which was submitted, the certified record of proceeding, as to the Chief's basis indicates clearly that it was never served. I don't know, I don't think there's any support for that position in the record, Your Honor. In fact, I would specifically say that the Superior Court's decision specifically indicates that it was never served, because it ordered the city to then But you read their brief to only glancingly challenge that aspect of the suspension. I do. I think that there's a reference that it was, in fact, served. I don't simply understand how that's possible, as Mr. It's not in dispute that the plaintiff went out on leave on August 21, 2012, and then retired in March 2014, never coming back to work. And that, in light of the fact that the Superior Court issued its decision in 2013, I think is dispositive on that issue, Your Honor. Thank you. Thank you. We maintain that the suspension was served, and it was spelled out in the Notice of Discipline on August 22, 2012, what dates were the suspension. Notably, that document was silent on whether it was suspension with pay or without pay. On the next page, it talks about what happens in the future, and progressive discipline may include a suspension with pay. What happened in the Superior Court proceeding of the declaratory judgment was solely about a payment of five days that he had been docked, and then was ordered to be paid back. That court never touched on the question of whether or not the suspension was appropriate, only the withholding of his pay. That was the only thing that was at issue in that Superior Court case. My final point, Your Honor, is... Did you argue that the five days had been served? Yes. That's the only thing that you can determine from the record, because it spells out the dates he was suspended. And there is no mention that it was a suspension with pay. That was silent in the record. And this is the record put forth by Haverhill in this case. My last point is on the issue of whether this court has jurisdiction. A Leosa card gives you the right to carry in 50 states. It's a federal statute. It's a combination of a federal, a state, a local statute, and government in the process. But this is something that affects the ability of a retired police officer to carry a concealed weapon in all 50 states. I think that does create ample evidence of a federal question. Thank you very much, Your Honors. Thank you both.